Dear Mr. Parnell:
You have requested an opinion of the Attorney General concerning the necessity of the Louisiana Used Motor Vehicle Commission ("Commission") to employ two separate attorneys. You state that the Commission is legislatively mandated to conduct hearings on violations of the Commission's laws, and, in the past, the Commission has operated with one attorney. When hearings occurred, the attorney served as an advisor and either the Executive Director or Hearing Officer performed as a prosecutor. You want to know if there is any legal requirement that the Commission have two attorneys. You also ask for an opinion as to whether there would be any reason why the Commission would need separate attorneys to perform different roles. You provide the example that the Commission has from time to time hired an attorney to perform strictly a legislative function or a civil role.[1]
There is no statutory minimum or maximum requirement as to the number of attorneys that should be employed by the Commission. La.R.S. 32:783(D)(3) provides that "[t]he Commission may employ such . . . legal, and other help and incur such expenses as may be necessary for the proper discharge of its duties under this Chapter." Thus, the Commission has the authority to hire as many or as few attorneys as it deems necessary to fulfill its duties under law, [2] provided the Attorney General has approved the employment. See La.R.S. 42:262. *Page 2 
However, it will be prudent for the Commission to hire more than one attorney to perform different roles in an adjudication under the Louisiana Administrative Procedure Act ("APA").[3] See La.R.S. 49:950 et seq. The APA is designed to make sure that persons subject to the administrative process receive a fair hearing before a neutral decision maker. Louisiana courts have held that this basic statutory purpose is defeated when one single attorney serves as the prosecutor, fact finder and advisor to a commission.
In Allen v. Louisiana State Board of Dentistry,543 So.2d 908 (La. 1989), the Louisiana Supreme Court reviewed an administrative decision of the Board of Dentistry and recognized the need to avoid the appearance of impropriety, resulting from one attorney performing intrinsically conflicting functions. Specifically, the Supreme Court held that a system whereby the prosecutor of a board drafted the board's findings of fact violated due process because it represented a commingling of prosecutorial and adjudicative functions in a single person. The court proceeded to state that if the board thought the assistance of an attorney was desirable, it should have contacted independent counsel, not the prosecutor.
In La. Atty. Gen. Op. 98-69, this office recognized the importance of maintaining separate attorneys for advisory and prosecutorial roles of a board or commission. Specifically, this office opined that a board's general legal counsel may serve in an advocacy role on behalf of a board regarding any findings of fact, conclusions of law and sanctions, subsequent to the administrative phase of procedure. However, the general counsel should maintain a role separate and apart from that of prosecutor if a rehearing before the board is granted.
The APA is silent as to whether an attorney must serve as the prosecutor to the Commission. Still, one could argue that, in upholding the APA and to avoid the appearance of impropriety, no one (including an attorney, member of the Commission or employee of the Commission) should serve dual roles of prosecutor, adviser or fact finder for the Commission. The statutory purpose of the APA that persons subject to administrative process receive a fair hearing before a neutral decision maker is defeated when an advocate, prosecutor, or investigator performs adjudicatory functions of arriving at findings of fact. La.R.S. 49:960(A), which prohibits ex parte communication between the decision-maker and counsel for a party to the adjudication, supports our interpretation of the goals of the APA, though it does not directly address the issue at hand. *Page 3 
You indicated that, in the past, the Executive Director has served in the role of prosecutor. Arguably, the appearance of impropriety may be diminished when an Executive Director serves as prosecutor. Commission members rely heavily on the Executive Director to handle the day to day operations of the Commission and its office. For example, an Executive Director commonly serves as the custodian of records for the respective Board or Commission. In situations where records and facts involving licensees are disputed and the Executive Director serves as prosecutor and custodian of records, a potential conflict may arise. There may also be a violation of La.R.S. 49:960. Further, a court may find that the role of prosecutor extends beyond the duties of the Commission's Executive Director under Louisiana law. See La.R.S. 32:783(D)(2) and La.R.S. 46:2705.[4]
Similarly, there is a risk of commingling the prosecutorial and adjudicative functions of the Commission when a Hearing Officer serves as the prosecutor. Depending on the Commission and/or its rules and regulations, a Hearing Officer may serve as an advisor to the Commission, rule on evidentiary matters and decide guilt or innocence. This type of commingling is prohibited by the APA. See La.R.S. 49:960.
In response to your inquiry as to whether there would be a reason why the Commission would need to hire separate attorneys to perform different roles, compelling reasons may exist for retaining more than one attorney in situations where duties involved pose an intrinsic conflict. For example, the Commission may decide to hire two attorneys to perform different roles in an adjudication in order to afford due process to respondents, as explained above. When a governmental agency such as the Commission considers potentially adverse actions such as revocation of a license or is deciding whether a violation of the Commission's laws has been committed, the respondent must be given an opportunity to appear before an impartial adjudicator. Therefore, compelling reasons may exist for the Commission to hire two separate attorneys to perform potentially conflicting roles for the Commission. We note that the ultimate decision to hire counsel lies with the Commission.
Additional reasons may also exist for the Commission to employ separate attorneys for the proper discharge of its duties under state law, such as workload and expertise. Before retaining or employing the attorneys, written approval of the governor and the Attorney General is required pursuant to La.R.S. 42:262. *Page 4 
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ Angelique Duhon Freel Assistant Attorney General
 JDC:ADF
[1] It is not clear what is meant by the use of the terms "legislative function" or "civil role."
[2] Several provisions of Title 32 provide a means for recoupment of attorney fees incurred by the Commission. Specifically, La.R.S. 32:785 (A)(5) provides that costs, including attorney fees, should be charged to and borne by the applicant or licensee affected when the Commission provisions of this Chapter, then all costs of the hearing procedure shall be charged to and borne by the parties so affected."
[3] As defined by La.R.S. 49:951 (a), "adjudication" means agency process for the formulation of a decision or order.
[4] La.R.S. 32:783 (D)(2) provides that "the Executive Director shall be in charge of the Commission's office and shall devote such time as necessary to fulfill the duties thereof. . . ." Similarly, La.R.S. 46:2705 of the Commission Rules states that the "Executive Director of the Louisiana Recreational and Used Motor Vehicle Commission shall be in charge of the commission's office and shall conduct and direct the activities thereof in the manner as directed by the commission."